UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>    Defendant. | Court No. 26-01533 |

## COMPLAINT

The Ad Hoc Shrimp Trade Action Committee ("AHSTAC" or "Petitioner" or "Plaintiff"),[1] by and through undersigned counsel, hereby allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff seeks review of the final determination issued by the U.S. Department of Commerce ("Commerce") in its nineteenth administrative review of the antidumping duty ("AD") order on certain frozen warmwater shrimp from India (the "*AD Order*"). The final results of Commerce's review, which covers entries made between February 1, 2023 and January 31, 2024 (the "POR"), were published in the *Federal Register* as *Certain Frozen Warmwater Shrimp From India: Final Results of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 5,717 (Dep't Commerce Feb. 9, 2026) ("*Final Results*").

---

[1] As further alleged in ¶4, the Ad Hoc Shrimp Trade Action Committee qualified as an interested party in the underlying administrative proceeding under 19 U.S.C. § 1677(9)(F). AHSTAC's current members are: Nancy Edens; Trico Shrimp Company, Inc.; Tarvin Seafood Inc.; Bosarge Boats, Inc.; Anchored Shrimp Company; Big Grapes, Inc.; Versaggi Shrimp Co.; Craig Wallis; and the Southern Shrimp Alliance.

**Court No. 26-01533**

2.       The factual findings and legal conclusions of the contested determination were set out primarily in the "Issues and Decision Memorandum" accompanying the final results.  *See Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review of Certain Frozen Warmwater Shrimp from India; 2023-2024*, Case No. A-533-840 (Jan. 28, 2026) (ACCESS Barcode 4872712-02) ("IDM").

## JURISDICTION

3.       This action is commenced under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii) to contest the *Final Results* issued by Commerce to conclude the nineteenth administrative review of the *AD Order* on frozen warmwater shrimp from India.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFF

4.       Plaintiff is an association, a majority of whose members manufacture, produce, or wholesale a domestic like product in the United States.  Consequently, Plaintiff is an "interested party" as defined by 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(F).  Additionally, Plaintiff was a party to—and actively participated in—the administrative proceeding which resulted in the determination that is the subject of this appeal.  Therefore, AHSTAC has standing pursuant to 19 U.S.C. § 1516a(d) to commence this action under 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

5.       Parties challenging Commerce determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) must file a summons within 30 days of the date of publication in the *Federal Register* of the agency's final determination.  *See* 19 U.S.C. § 1516a(a)(2)(A)(i).

**Court No. 26-01533**

6.      The *Final Results* of Commerce's nineteenth administrative review of the *AD Order* were published in the *Federal Register* on February 9, 2026.  *See Final Results*, 91 Fed. Reg. at 5,717.

7.      This action was commenced by the filing of a Summons and Complaint on March 6, 2026, within thirty days after the publication of the *Final Results*.  Accordingly, this action is timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A) and 28 U.S.C. § 2636(c).

## BACKGROUND

8.      In February 2005, Commerce issued the *AD Order* on certain frozen warmwater shrimp from India.  *See Certain Frozen Warmwater Shrimp From India: Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 70 Fed. Reg. 5,147 (Dep't Commerce Feb. 1, 2005).

9.      Since the *AD Order* was issued, Commerce has conducted annual administrative reviews pursuant to 19 U.S.C. § 1675.  Commerce's annual administrative reviews have individually examined only a relatively small number of companies despite the large number of Indian producers and exporters of frozen warmwater shrimp.  For example, through the first twelve administrative reviews of the *AD Order*, only eight companies were individually reviewed by Commerce.

10.      On February 2, 2024, Commerce published a notice of opportunity to request an administrative review of the *AD Order* for entries made during the twelve-month POR.  *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review and Join Annual Inquiry Service List*, 89 Fed. Reg. 7,366 (Dep't Commerce Feb. 2, 2024).

**Court No. 26-01533**

11.      Based on requests from interested parties, Commerce initiated a review of nearly 375 individual Indian companies on April 9, 2024. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 24,780 (Dep't Commerce Apr. 9, 2024) ("*Initiation Notice*").

12.      Following initiation, Commerce placed on the record data from U.S. Customs and Border Protection regarding U.S. imports of frozen warmwater shrimp from India during the POR for purposes of respondent selection. *See* Commerce Memorandum, re: *Release of U.S. Customs and Border Protection Data* (Apr. 15, 2024).

13.      AHSTAC submitted comments requesting that Commerce select respondents for individual review (i.e., "mandatory respondents") using a sampling methodology as provided for in 19 U.S.C. § 1677f-1(c)(2)(A). *See* Letter from Picard Kentz & Rowe LLP to Sec'y Commerce, re: *Domestic Producers' Comments Regarding Respondent Selection* (Apr. 22, 2024) ("AHSTAC Respondent Selection Comments"). AHSTAC's comments detailed why the use of a sampling methodology met the criteria set forth in Commerce's sampling notice and was appropriate given the history of the dumping margins calculated under the *AD Order*. *See Antidumping Proceedings: Announcement of Change in Department Practice for Respondent Selection in Antidumping Proceedings and Conditional Review of the Nonmarket Economy Entity in NME Antidumping Duty Proceedings*, 78 Fed. Reg. 65,963, 65,965 (Dep't Commerce Nov. 4, 2013) ("*Sampling Notice*").

14.      On June 21, 2024, Commerce issued its respondent selection memorandum. *See* Commerce Memorandum, re: *Respondent Selection* (June 21, 2024). Commerce rejected AHSTAC's request that Commerce select mandatory respondents using a sampling methodology and instead decided it was appropriate to "examin[e] the two largest companies by volume of

**Court No. 26-01533**

entries into the United States during the POR." *Id.* at 5. In rejecting AHSTAC's request for sampling, Commerce stated that it "disagree[d]" with Petitioner that there was a reasonable basis to believe or suspect that the average prices or dumping margins for the largest exporters differ from those of the remaining exporters. *Id.* Thus, Commerce selected Devi Fisheries Limited ("Devi Fisheries") and Sandhya Aqua Exports Private Limited ("Sandhya Aqua") for individual review as mandatory respondents. *Id.*

15. On June 11, 2025, Commerce published the preliminary results of its administrative review in the *Federal Register* in which it determined a preliminary dumping margin of 2.01 percent for Devi Fisheries and 5.32 percent for Sandhya Aqua. *See Certain Frozen Warmwater Shrimp From India: Preliminary Results of Antidumping Duty Administrative Review; 2023-2024*, 90 Fed. Reg. 24,569 (Dep't Commerce June 11, 2025) ("*Preliminary Results*"). The non-selected companies under review were preliminarily assigned a weighted-average dumping margin of 3.96 percent based on the margins calculated for Devi Fisheries and Sandhya Aqua. *See id*.

16. Following publication of the *Preliminary Results*, AHSTAC and other interested parties submitted case and rebuttal briefs. Petitioner's case brief challenged Commerce's respondent selection methodology. *See* Letter from Picard Kentz & Rowe LLP to Sec'y Commerce, re: *Case Brief* (Aug. 6. 2025) ("AHSTAC Case Brief"). Specifically, AHSTAC argued that Commerce's finding that the dumping margins over the history of the *AD Order* "have been generally consistent" was unreasonable and that the agency acted arbitrarily in concluding that its resources allow for individual examination of just two companies. *See id.*

17. Commerce issued the final results of its administrative review on January 28, 2026. *See Final Results*, 91 Fed. Reg. at 5,717. Commerce's final determination rejected

5

**Court No. 26-01533**

AHSTAC's challenge to the agency's respondent selection methodology. *See* IDM at Comment 4. In the final results, Commerce stated that it "rarely, if ever, ha[s] the ability to examine more than two respondents" and, as a result, "continue[s] to find that sampling would not be the preferred approach to select respondents." *Id.* In rejecting AHSTAC's argument that the dumping margins for the largest exporters differ from the margins for the remaining exporters, the agency found that "excluding rates calculated using an adverse inference, the margins calculated for all respondents over the history of the order, regardless of size, have been generally consistent." *Id.*

18. Commerce calculated final dumping margins of 2.71 percent for Devi Fisheries and 5.08 percent for Sandhya Aqua. *See Final Results*, 91 Fed. Reg. at 5,717. Based on these two calculated rates, a 3.76 percent margin was assigned to the 99 non-individually reviewed companies subject to the administrative review. *Id.*, 91 Fed. Reg. at 5,719.

### STATEMENT OF CLAIMS AND BASIS FOR RELIEF

19. AHSTAC alleges that the following decisions made by Commerce in the *Final Results* were unsupported by substantial evidence on the record or otherwise not in accordance with law.

### Count One

20. Plaintiff incorporates the allegations contained in paragraphs 1 through 19 by reference as fully set forth herein.

21. Under its practice, one criterion Commerce considers when choosing between the two respondent selection methodologies provided for in 19 U.S.C. § 1677f-1(c)(2) is whether there is information that provides a reasonable basis to believe or suspect that the average prices

**Court No. 26-01533**

or dumping margins for the largest exporters differ from those of the remaining exporters. *See Sampling Notice*, 78 Fed. Reg. at 65,965.

22. The record of this review included information contrasting the dumping margins calculated by Commerce over the nearly twenty-year history of the *AD Order*, demonstrating that the dumping margins calculated for the largest Indian shrimp exporters differed from those calculated for the remaining exporters. *See* AHSTAC Case Brief at 16-27; AHSTAC Respondent Selection Comments at 18-29.

23. Commerce's finding that the dumping margins calculated for all respondents over the history of the *AD Order* have been generally consistent, along with its conclusion that there is no basis to believe or suspect that the average prices or dumping margins for the largest exporters differ from those of the remaining exporters, was unsupported by substantial evidence and was otherwise not in accordance with law.

## Count Two

24. Plaintiff incorporates the allegations contained in paragraphs 1 through 19 by reference as fully set forth herein.

25. Under its practice, one criterion Commerce considers when choosing between the two respondent selection methodologies provided for in 19 U.S.C. § 1677f 1(c)(2) is whether the agency has the resources to examine at least three respondents. *See Sampling Notice*, 78 Fed. Reg. at 65,965.

26. Commerce's final determination cited the agency's heavy caseload as allowing it to only examine two respondents. *See* IDM at Comment 4. Commerce stated further that the agency will "rarely, if ever, have the ability to examine more than two mandatory respondents in

**Court No. 26-01533**

administrative reviews" and rejected AHSTAC's argument regarding the agency's allocation of resources across the review segments. *Id.*

27. Commerce's conclusion is arbitrary and capricious and thus not in accordance with law because Commerce failed to consider the significance of frozen warmwater shrimp from India relative to imports from other countries.

## DEMAND FOR JUDGMENT

WHEREFORE, AHSTAC respectfully requests that this Court:

1) Hold and declare that the aspects of Commerce's *Final Results* described herein are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

2) Remand this matter to Commerce for reconsideration and disposition consistent with this Court's decision; and

3) Grant AHSTAC such additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Nathaniel Maandig Rickard*

Nathaniel Maandig Rickard
Zachary J. Walker
Caitlyn Quinn

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
nrickard@pkrllp.com
(202) 331-5040

*Counsel to Ad Hoc Shrimp Trade Action Committee*

Dated: March 6, 2026