## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
### Before: The Honorable Jane A. Restani, Judge

|  |  |
|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE,<br><br>      **Plaintiff,**<br><br>  **v.**<br><br>**UNITED STATES,**<br><br>      **Defendant.** | **Case No. 26-1533** |

## PROPOSED SCHEDULING ORDER

Upon consideration of the parties' Joint Status Report and Proposed Briefing Schedule, and pursuant to USCIT Rule 56.2, it is hereby

**ORDERED** that the following briefing schedule is established:

| | |
|---|---|
| July 24, 2026 | Plaintiff's motion for judgment on the agency record and supporting brief due. |
| October 2, 2026 | Defendant's response brief due. |
| October 30, 2026 | Plaintiff's reply brief due. |
| November 13, 2026 | Joint Appendix prepared in accordance with Rule 56.2(c)(3) due. |
| November 20, 2026 | Motions for oral argument due. |

**SO ORDERED.**

_____
The Honorable Jane A. Restani, Judge

Dated: _____
    New York, New York

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**Before: The Honorable Jane A. Restani, Judge**

| | |
|---|---|
| **AD HOC SHRIMP TRADE ACTION COMMITTEE,**<br><br>            **Plaintiff,**<br><br>      **v.**<br><br>**UNITED STATES,**<br><br>            **Defendant.** | **Case No. 26-1533** |

## JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE

Pursuant to Rule 56.2(a) of the Rules of the U.S. Court of International Trade, counsel for the parties in the above-captioned action have consulted and respectfully submit the following Joint Status Report and Proposed Briefing Schedule.  This Joint Status Report and Proposed Briefing Schedule is timely, as it is filed on the May 15, 2026 deadline set by the Court. *See* ECF 13.

### I.      JOINT STATUS REPORT

In response to the questions set forth in Rule 56.2(a), the parties to this action state the following:

**1.      Does the court have jurisdiction over the action?**

Plaintiff Ad Hoc Shrimp Trade Action Committee asserts that the Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action was commenced under 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and 19 U.S.C § 1516a(a)(2)(B)(iii), providing for review of final determinations issued by the U.S. Department of Commerce ("Commerce") in administrative reviews conducted under 19 U.S.C. § 1675.  The Defendant is not aware of any basis to challenge the Court's jurisdiction over this action at this time.

**2.      Should the case be consolidated with any other case, or should any portion of the case be severed, and the reasons for such severance?**

The parties agree that this case should not be consolidated with any other case.  The parties further agree that no portion of this case should be severed.

The parties additionally note that although two other matters challenging the final results of Commerce's 19th administrative review of the antidumping duty order on frozen warmwater shrimp from India have been consolidated by this Court, s*ee Sandhya Aqua Exports Private Limited v. United States*, CIT No. 26-1706, ECF 23 (order consolidating *Devi Fisheries Limited v. United States*, CIT No. 1713 with lead Court No. 26-1706), this case should not be consolidated with those other cases.  Unlike this case, both case nos. 1706 and 1713 involved identical defendant-intervenors.  In contrast, this case involves a single plaintiff, a single defendant, and the parties do not anticipate any intervention.  Further, Ad Hoc Shrimp Trade Action Committee, a defendant-intervenor in case nos. 1706 and 1713, is the plaintiff in this case.  Accordingly, consolidation of this case with case nos. 1706 and 1713 has the potential to create procedural complications and is therefore not appropriate at this time.

**3.      Should further proceedings in this case be deferred pending consideration of another case before the court or any other tribunal and the reasons for such deferral?**

The parties agree that this case should not be deferred pending resolution of another case before this Court or any other tribunal.

**4.      Should the court be aware of any other information at this time?**

The parties are not aware of any other information of which the Court should be aware at this time.

## II.    PROPOSED BRIEFING SCHEDULE

After consultation pursuant to Rule 56.2(a), the parties agree to the following proposed briefing schedule, which sets out time periods different from those in Rule 56.2(d):

| | |
|---|---|
| July 24, 2026 | Plaintiff's motion for judgment on the agency record and supporting brief due. |
| October 2, 2026 | Defendant's response brief due. |
| October 30, 2026 | Plaintiff's reply brief due. |
| November 13, 2026 | Joint Appendix prepared in accordance with Rule 56.2(c)(3) due. |
| November 20, 2026 | Motions for oral argument due. |

The Parties to this action request that the Court enter an Order adopting the proposed briefing schedule as set forth above. A proposed order reflecting this briefing schedule is attached.

Respectfully submitted,

/s/ Nathaniel Maandig Rickard
Nathaniel Maandig Rickard
Zachary J. Walker
Caitlyn M. Quinn

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Avenue, NW
Suite 700
Washington, D.C. 20036
(202) 331-5040
nrickard@pkrllp.com

*Counsel to the Ad Hoc Shrimp Trade*
  *Action Committee*

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Brendan D. Jordan
BRENDAN JORDAN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
(202) 616-0342
Email: Brendan.D.Jordan@usdoj.gov

OF COUNSEL:
SAMUEL E. CHILDERSON
Attorney
Office of the Chief Counsel
  for Trade Enforcement & Compliance
U.S. Department of Commerce

*Counsel for the United States*

Dated: May 15, 2026

4